IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID B. BONNER,

    Petitioner,

v.

JEAN HILL,

    Respondent.

Civil No. 04-1736-ST

FINDINGS AND RECOMMENDATION

TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501

    Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner, an inmate at Snake River Correctional Institution ("SRCI"), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's Second Amended Petition (docket # 58) should be denied on the basis that it is untimely.

## BACKGROUND

In 1986, petitioner was convicted in state court of Felon in Possession of a Weapon and sentenced to four years in prison with an 18-month minimum term. He was released early on parole by the Board of Parole and Post-prison Supervision ("Parole Board"). In 1987, petitioner's parole was revoked for new criminal activity, and petitioner received four separate convictions on numerous counts of Burglary or attempted Burglary in the First Degree. As a result, petitioner was sentenced to a total of 46 years in prison with an 18-year minimum term. In June 1991, after serving 54 months, petitioner was again released on parole.

However, in October 1991, his parole was again revoked. After serving a 180-day sanction, petitioner was again released on parole. From 1992 through 1995 petitioner's parole was revoked three more times and petitioner was released on parole after serving a 90-day sanction with each revocation.

In August 1995, petitioner was convicted of Possession of a Controlled Substance and sentenced to a determinate six months in

prison, with a term of post-prison supervision. Parole was revoked a sixth time as a result of this conviction. After serving the six-month sentence, petitioner was released and then convicted of Possession of Stolen Mail in federal court. He served a 14-month federal sentence. In February 2000, petitioner was convicted of Burglary in the First Degree and sentenced to a determinate 36 months in prison, with a term of post-prison supervision. Petitioner waived a *Morrissey* hearing and his parole was revoked for the seventh time based on the new criminal activity.

In July 2000, following petitioner's seventh revocation, the Parole Board held a future disposition hearing. At the hearing, the Parole Board found aggravation based on petitioner's repeated parole revocations and new criminal activity and denied release on parole finding that petitioner could not be adequately controlled in the community. It set a new parole date for October 2019 after 240 months. Petitioner sought administrative review of the Parole Board decision. Relief was denied by an Administrative Review Response ("ARR") signed on January 12, 2001, with a stated mailing date of January 25, 2001.

Petitioner filed a state habeas petition on April 9, 2001. Relief was denied and the final appellate judgment was issued on December 30, 2003. The projected good time date on petitioner's remaining convictions is in July 2022, with a maximum sentence expiration date in December 2031.

On November 1, 2004, petitioner filed this action. The Second Amended Petition alleged the following grounds for relief: (1) due process and ex post facto violations when the Parole Board denied release by applying statutes and rules not in effect at the time of the commission of petitioner's crimes (petitioner's grounds 1, 3 and 5); (2) due process violation when the Parole Board panel conducting petitioner's future disposition hearing consisted of only two persons (petitioner's ground 2); and (3) due process violation due to insufficiency of the evidence for the Parole Board findings that petitioner could not be controlled in the community and was involved in the same type of criminal activity (petitioner's ground 4).

Respondent contends that petitioner's federal petition is untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that equitable tolling is not justified.

## **FINDINGS**

The AEDPA was enacted on April 24, 1996. Pursuant to the AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). In the Ninth Circuit, the limitation period applies to habeas petitions challenging administrative decisions. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004). The limitation period begins to run on

"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Redd v. McGrath*, 343 F.3d 1077, 1081-83 (9th Cir. 2003); 28 U.S.C. § 2244(d)(1)(D). The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent calculates that petitioner waited 381 days before filing this petition, thus exceeding the 365-day limitation period. Petitioner argues that respondent has not met her burden of showing that he exceeded the limitation period, and that, in any event, he is entitled to the benefit of equitable tolling.

## I. **Timeliness**

Because the statute of limitation is an affirmative defense, respondent has the burden of showing that the petition is untimely. Fed. R. Civ. P. 8(c). Petitioner contends that respondent cannot show precisely when petitioner received the ARR denying release and, therefore, has not met her burden. According to petitioner's sworn affidavit, he received written notice of the ARR "sometime in February [2001], I believe. I do not know the date I received the Board's order but I recall that it did not appear to come through the regular mail." Petitioner's Exhibit 28, p.2. In addition, SRCI's records indicating when petitioner received the ARR have been purged. Petitioner's Exhibit 30, p. 2.

Fed. R. Civ. P. 6(a) governs calculation of the AEDPA

5 - FINDINGS AND RECOMMENDATION

limitation period. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Fed. R. Civ. P. 6(a) specifies that "the day of the . . . event . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . ." In a case challenging an administrative decision, the statute of limitations begins to run when the petitioner could have learned of the factual basis for his claim through the exercise of due diligence, that is, when the administrative review decision becomes final. *Redd*, 343 F.3d at 1083-84.

In Oregon, a Parole Board order is final and effective the date it is signed. *See* OAR 255-080-0001. However, procedures for administrative review of Board action and for judicial appeal of appealable orders after exhaustion of administrative remedies base timeliness calculations on "the mailing date of the Board's final action." *See* OAR 255-080-0001(2) & 255-080-0005(2). Here respondent calculates the expiration of the AEDPA statute of limitations as follows:

- The one-year limitation period began on January 25, 2001, the mailing date of the January 12, 2001 ARR;

- 74 days accrued from January 25, 2001, until April 9, 2001, when petitioner signed his state writ of habeas corpus appealing the January 12, 2001 ARR;

- Petitioner's properly filed state habeas petition tolled the

AEDPA limitation period from April 9, 2001, until the final appellate judgment issued on December 30, 2003;

- 307 days accrued from December 30, 2003, until November 1, 2004, when petitioner filed his federal habeas petition;
- As a result, a total of 381 (74 + 307) days accrued before petitioner filed his federal petition, exceeding the 365 days available under the statute.

Petitioner disputes that 74 days accrued before the limitation period was tolled by the filing of his state habeas petition. Petitioner argues that the AEDPA statute of limitations did not commence until he received the ARR. Due to the lack of definitive proof as to when he received the ARR, petitioner asks the court to apply equitable principles and find that the limitation period did not start until a reasonable time after the Parole Board executed the ARR, suggesting 30 days or February 11, 2001. For the following reasons, this court rejects petitioner's request.

The ARR was final on January 12, 2001, when it was signed. *See* OAR 255-080-0001. According to petitioner's investigation of the Parole Board's mailing practices, the Parole Board uses the Department of Corrections ("D.O.C.") mail shuttle. It is the Board's practice to send packets on the shuttle five days before the mailing date. The primary mail attendant for the D.O.C. confirms that the D.O.C. handles mail for the Parole Board and that the mail generally goes out within one day to UPS for delivery to

7 - FINDINGS AND RECOMMENDATION

SRCI in three business days. Petitioner's Exhibit 30, p. 2.

Pursuant to these practices, the ARR would have been on the shuttle either Friday, January 19, 2001, or Tuesday, January 23, 2001, accounting for the Martin Luther King holiday on January 22, 2001. UPS would have delivered the ARR to SRCI on Friday, January 26, 2001, or, at the latest, on Monday, January 29, 2001. Petitioner presents no evidence to suggest that reliance on the Parole Board's mailing practices is misplaced. In addition, the timing of delivery of other correspondence petitioner exchanged with the Parole Board supports the validity of doing so. Petitioner's letter dated July 5, 2000, to the Parole Board in response to receipt of its hearing packet mailed on June 26, 2000, proves that petitioner received the packet no later than July 5, the seventh working day (allowing for the Fourth of July holiday); petitioner's letter to the Parole Board dated August 31, 2000, was received September 8, 2000, six working days later (allowing for the Labor Day holiday); and petitioner's administrative review request, dated September 13, 2000, was received by the Parole Board on September 20, 2000, six working days after he signed it. Respondent's Exhibit 103.

Petitioner argues that January 26, 2001, is the earliest date the ARR could have been received because it could not have been delivered to UPS before January 23, 2001. Even if one assumes that UPS did not receive the ARR until January 23, 2001, and did

8 - FINDINGS AND RECOMMENDATION

not deliver the ARR until Monday, January 29, 2001, 377 days accrued. Thus, petitioner still exceeds the one-year limitation period for filing his federal habeas petition even if delivery was later than customary practice would suggest.

Petitioner has a timely petition only if this court counts the limitation period from February 11, 2001, and there is no basis for doing so. Instead, the evidence supports counting the limitation period from the mailing date of January 25, 2001, or - giving petitioner the benefit of the doubt - from January 29, 2001. Accordingly, the instant petition is untimely.

## II. **Equitable tolling**

In the event his petition untimely, petitioner seeks application of equitable tolling because: (1) an incompetent inmate legal assistant prevented his filing on time by not promptly returning his legal papers when asked to do so; (2) the insufficiency of prison legal resources preventing timely filing; (3) he received misinformation from the prison library legal assistant regarding the deadline for filing his federal habeas petition.

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation is subject to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on

other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (*en banc*). That said, "the threshold necessary to trigger equitable tolling [in the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066; *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Id* (citing cases). However, an attorney's miscalculation of the limitation period does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances). Nor does an inmate's ignorance of the law and lack of legal sophistication warrant equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Furthermore, "a State's effort to assist prisoners in

post-conviction does not make the State accountable for a prisoner's delay." *Lawrence*, 127 S.Ct. at 1085.

A petitioner seeking equitable tolling must establish: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has not met this requirement.

Petitioner's reliance on misinformation from an inmate legal assistant is comparable to an inmate's reliance on his attorney's miscalculation of the statute of limitations, which the Supreme Court and Ninth Circuit found does not justify equitable tolling. *Lawrence*, 127 S.Ct. at 1085; *Frye*, 273 F.3d at 1146. Besides, here the legal assistant did not miscalculate the limitation period. When answering petitioner's questions about filing on September 24, 2001,[1] he told petitioner that he "was unaware of any time limitations on filing a federal writ of habeas corpus on a parole board decision." Petitioner's Exhibit 29, p. 2. He later learned that the one-year period started from the date of the final decision of the direct appeal of parole board decisions. *Id.* This does not justify equitable tolling.

Although petitioner contends that prison resources were inadequate, he offers no evidence that the alleged inadequacies

---

[1] The reference in the Affidavit of David Lee Atkinson to 2004 appears to be a typographical error.

11 - FINDINGS AND RECOMMENDATION

stood in his way of filing. Petitioner does not claim that materials required for filing his petition were not available in the library. Nor does he claim that the deficiencies prevented him from working on his petition. Rather, petitioner chose to work on his petition with an inmate who had previously filed a petition. When petitioner started working independently, he became frustrated getting books and using the computers and asked for assistance from the library staff. Although a state must provide tools for an inmate to access the courts, inmates do not have rights to unlimited access to the law library, computers, and legal assistance to pursue their claims. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996). Nor is the state responsible for delays if it provides assistance. *Lawrence*, 127 S.Ct. at 1085. Petitioner has not shown that any inadequacy of the prison legal resources created extraordinary circumstances beyond his control that proximately caused his failure to timely file his petition.

The temporary conversion of petitioner's legal files by an inmate helper also does not meet the threshold for equitable tolling. The Ninth Circuit has recognized that equitable tolling was justified when a retained attorney failed to return a legal file for over a year, despite repeated requests and contact by the inmate and his family. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Here, in contrast, the inmate helper was not a trained, licensed attorney retained for the purpose of filing a

habeas petition. Nor has petitioner shown that the delay in getting his files was extraordinary. Rather, he complains that the inmate "took a long time" to return the files after petitioner requested them. Petitioner's Exhibit 28. Furthermore, petitioner has not demonstrated that he diligently pursued getting his files back or that circumstances outside his control prevented him from doing so. Under these circumstances, equitable tolling is not warranted.

Because the petition is untimely and equitable tolling is not justified, it is not necessary to address the merits of petitioner's claims or respondent's contention that most grounds for relief are procedurally defaulted.

## RECOMMENDATION

Based on the foregoing, Petitioner's Second Amended Petition (docket #58) should be denied as untimely, and this proceeding should be dismissed.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due November 13, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>26th</u> day of October, 2007.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge